Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELE ONDEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAESARS ENTERTAINMENT, INC. formerly known as ELDORADO RESORTS INC.; CIRCUS AND EL DORADO JOINT VENTURE, LLC d/b/a SILVER LEGACY RESORT CASINO; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1) Unlawful Tip Pooling in Violation of FLSA, 29 U.S.C. § 203(m)(2)(B);<br>2) Failure to Pay Overtime at the Correct Legal Rate in Violation of 29 U.S.C. § 207, *et al.*;<br>3) Failure to Pay Overtime at the Correct Legal Rate in Violation of NRS 608.018 and NRS 608.140;<br>4) Failure to Pay PTO Wages in Violation of NRS 608.0197 and NRS 608.140;<br>5) Failure to Pay Daily Overtime in Violation of NRS 608.018 and NRS 608.140; and<br>6) Failure to Pay Continuation Wages in Violation of NRS 608.020-.050 and NRS 608.140.<br><br>**LIEN REQUESTED PURSUANT TO NRS 608.050**<br><br>**JURY TRIAL DEMANDED** |

/ / /

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

COMES NOW Plaintiff MICHELE ONDEY, on behalf of herself and all others similarly situated, and alleges the following:

All allegations in the Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in the Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the federal claim alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b), which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

2. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because many of the state law claims alleged herein arise out of the same transaction and occurrence as the federal claims (i.e., the failure to pay overtime at the correct legal rate of pay) and there is no conflict between the procedures applicable to the FLSA and State law claims. *See Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528-30 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims." (reversed on other grounds)).

3. A party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Constitutional Minimum Wage Amendment and Nevada Revised Statute ("NRS") Chapter 608. *See Neville v. Eighth Judicial Dist., Terrible Herbst, Inc.*, 133 Nev. Adv. Op. 95 (Dec. 7, 2017), 406 P.3d 499, 504 (2017) (recognizing that "The Legislature enacted NRS 608.140 to protect employees, and the legislative scheme is

consistent with private causes of action for unpaid wages under NRS Chapter 608."); *HG Staffing, LLC v. Second Judicial District Court in and for County of Washoe*, 2020 WL 2306318, at *1 (May 7, 2020) ("In *Neville v. Eight Judicial District Court*, 133 Nev. 77, 406 P.3d 499 (2017), we held, by necessary implication, the exhaustion of administrative remedies is not required before filing an unpaid-wage claim in district court.").

4. Plaintiff made a proper demand for wages due pursuant to NRS 608.140 on October 8, 2021, and then again on February 4, 2022.

5. Plaintiff also claims a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS 608.050.

6. Venue is proper in this Court because the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in Washoe County, Nevada.

## PARTIES

7. Plaintiff MICHELE ONDEY ("Plaintiff" or "ONDEY"), formerly known as Michele White, is a natural person who is and has been, a resident of Washoe County, Nevada during the relevant time period alleged herein.

8. Defendant CAESARS ENTERTAINMENT, INC., formerly known as ELDORADO RESORTS INC. ("Caesars"), is a foreign corporation headquartered in Nevada and is the largest casino operator in the United States. Caesars' Agent of Service, Corporation Service Company, is located at 112 N. Curry Street, Carson City, NV, 89703, USA.

9. Defendant CIRCUS AND EL DORADO JOINT VENTURE, LLC d/b/a SILVER LEGACY RESORT CASINO ("Silver Legacy") is a domestic limited liability company that owns and operates the Silver Legacy Resort Casino, located in Reno, Nevada. The sole managing member of Silver Legacy is Eldorado LLC. Silver Legacy's Agent of Service, Corporation Service Company, is located at 112 N. Curry Street, Carson City, NV, 89703, USA.

10. Caesars and Silver Legacy are each referred to herein as a "Defendant" or "Defendants". The Defendants named herein are the employers of the Plaintiff and all collective and class action members alleged herein. The Defendants are employers engaged in commerce under the provisions of NRS 608.011.

11. The identity of DOES 1-50 is unknown at the time and the Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

### The Named-Plaintiff

12. Plaintiff Ondey has been employed by Defendants as a non-exempt Massage Therapist at the Silver Legacy property from on or about July 2019 to the present date.

13. During the relevant time period alleged herein, Defendants paid Plaintiff on an hourly basis at the lower-tier Nevada minimum wage rate plus commissions, wherein Plaintiff would receive a 20% commission for the total cost of the service that she provided.

14. Plaintiff also received 80% of an optional and discretionary service charge as tip income. The remaining 20% of the optional service charge was distributed to other co-workers and supervisory personnel.

15. Plaintiff regularly worked in excess of eight (8) hours in a workday. From approximately September 24, 2020, to October 10, 2020, she worked approximately five (5), ten (10) hour shifts. From approximately October 10, 2020, through January 29, 2022, she only worked ten (10) hour shifts on Saturdays, and, during that time period, she estimates that she worked approximately sixty-five (65), ten (10) hour shifts. Despite earning the lower-tier minimum wage amount and having worked over eight (8) hours in a workday, Defendants never compensated Plaintiff daily overtime when she

1  worked over eight (8) hours in a workday.  Plaintiff estimates that she worked a total of
2  seventy (70), ten (10) hour shifts without receiving any daily overtime; therefore, Plaintiff
3  is owed an estimated amount of $612.50 in unpaid overtime wages (not including the
4  overtime wages still owed on her non-discretionary payments).

5      16.    On occasion, Plaintiff would work over forty (40) hours in a workweek.
6  Plaintiff was compensated overtime at one and one-half (1 ½) times her base hourly rate
7  of pay but she was not paid overtime on her non-discretionary wages.  As evidenced by
8  Exhibit A, Plaintiff worked one (1) hour of weekly overtime during the time period covered
9  by the itemized wage statement and also earned $1,749.29 in commissions and $282.71
10 in service charges[1] during that same time period.  Despite having earned $1,749.29 in
11 commissions and $282.71 in service charges during that time period, Plaintiff was only
12 compensated overtime at $12.30, which was only 1 ½ times her base hourly rate.  She
13 was not paid overtime on the commission and service charge.  She is therefore owed
14 $37.71 in unpaid overtime for this pay period.[2]

15      17.    Attached hereto as Exhibit B is a true and correct copy of an itemized pay
16 statement that Defendants provided to Plaintiff, which represents employee wages for
17 the pay period June 4, 2021, to June 17, 2021.  During this pay period, Defendants
18 compensated Plaintiff a base hourly rate of pay of $8.20 per hour that she worked, and
19 Plaintiff earned commissions in the amount of $1,313.19.  As illustrated by Exhibit B,
20 Defendants only paid Plaintiff her Paid Time Off ("PTO") wages at the same rate of pay
21 as her base hourly rate, or $8.20.  Defendants did not include Plaintiff's earned

---

[1] The "TIP INCOME" line item on Plaintiff's itemized pay statement refers to the tips Plaintiff receives from her 80% allocation of the optional service charge; the remaining 20% is distributed to other co-workers and supervisory personnel.

[2] Plaintiff's "regular rate" of pay during this pay period $33.34 per hour; therefore, her overtime rate of pay should have been $50.01 per overtime hour worked.  Because she was only paid $12.30 for her one (1) hour of overtime worked, Plaintiff is owed $37.71 for this one instance, not including liquidated damages, interest, attorneys' fees and costs.

commissions into the PTO wage rate. Pursuant to NRS 608.0197, Defendants have underpaid Plaintiff $392.73 in PTO wages for the pay period set forth in Exhibit B.

### Defendants' Unlawful Tip Pooling Policy

18. Defendants require their employees to share optional and discretionary service charges with supervisory personnel.

19. An optional and discretionary service charge (as opposed to a mandatory service charge) is a tip. *Benavidez v. Greenwich Hotel Limited Partnership*, 2019 WL 1230357, at *9 (D.Conn., 2019) ("Thus, where a service charge is mandatory, and is included in the employer's gross receipts, it is properly deemed a service charge, and not a tip, for purposes of the FLSA. Where, however, a customer retains discretion over its payment, it is a tip.") (citation omitted).

20. Indeed, Defendants acknowledge that these service charges are tips because they list them as such on employees' itemized wage statements.

21. As of March 23, 2018, federal law expressly prohibits supervisors from taking part in any tip sharing and gives employees a private right of action to recover all tips that were improperly pooled with supervisors, plus liquidated damages.

### Defendants' Systematic Failure To Include Non-Discretionary Payments Into Overtime and PTO Calculations

22. Defendants maintain an unlawful payment practice of paying Plaintiff and all other similarly situated employees the base hourly rate of pay for Overtime and PTO wages without including other forms of non-discretionary compensation such as commissions and service charges.

23. Defendants' failure to calculate the correct PTO wage rate is not unique to Plaintiff. Defendants' calculation error is systematic and applies to all non-exempt employees who earn non-discretionary compensation beyond their base hourly pay. Defendants are legally required to maintain all pay documentation that will demonstrate the amount of PTO wages owed to Plaintiff and all members of the Class.

**Defendants' Systematic Failure To Pay Daily Overtime**

24. Defendants maintain an unlawful practice of failing to pay daily overtime to employees who make less than one and one-half (1 ½) times the Nevada minimum wage rate and who work over eight (8) hours in a workday.

25. Defendants' failure to pay Plaintiff daily overtime is not unique to her. Defendants have maintained a policy by which they require employees to work in excess of 8 hours in a workday but yet fail to pay them overtime wages for daily overtime hours worked.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

26. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

27. Plaintiff brings this action on behalf of herself and all other similarly situated employees as a collective action under the Fair Labor Standards Act (FLSA) and a class action under Rule 23 of the Federal Rules of Civil Procedure.

28. Plaintiff brings this action as on behalf of herself and the following FLSA Classes of similarly situated individuals:

    A. **FLSA Tip Pooling Class:** All persons who received optional, discretionary, service charges and who were employed by Defendants in the United States at any time from 3-years from the filing of this complaint to the present.

    B. **FLSA Regular Rate Class:** All persons who worked over 40 hours in a workweek and who were paid a base hourly rate of pay plus non-discretionary compensation and who were employed by Defendants in the United States at any time from 3-years from the filing of this complaint to the present.

29. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those she seeks to represent for the following reasons, among others:

    A. Defendants engaged in unlawful tip pooling and employed Plaintiff as an hourly-paid employee who did not receive her overtime premium pay at one and one-half times the regular rate of pay for all hours she worked over forty (40) hours in a workweek.

B. Plaintiff's situation is similar to those she seeks to represent because Defendants failed to pay Plaintiffs and all other FLSA Class Members their full tips and overtime wages owed.

C. Common questions exist as to whether Plaintiff and all other members of the FLSA Tip Pooling Class were subject to an unlawful tip pooling arrangement that involved supervisors and whether Plaintiff and all other members of the FLSA Regular Rate Class worked overtime hours but yet were not compensated their correct overtime rate of pay.

D. Upon information and belief, Defendants employ, and have employed, in excess of 1,000 FLSA Class Members within the applicable statute of limitations.

E. Plaintiff has signed or will sign a Consent to Sue form to be filed in the court shortly.

30. Plaintiff brings this action on behalf of herself and the following **Nevada Classes** of similarly situated individuals employed by Defendants:

A. **Nevada Regular Rate Class:** All persons who worked overtime hours (either over 40 hours in a workweek and/or over 8 hours in a workday) and who were paid a base hourly rate of pay plus non-discretionary compensation and who were employed by Defendants in the state of Nevada at any time from 3-years from the filing of this complaint to the present.

B. **PTO Class**: All persons who were paid a base hourly rate of pay plus non-discretionary compensation and who were employed by Defendants in the state of Nevada at any time from January 1, 2020, to the present.

C. **Daily Overtime Class**: All persons who earned less than 1 ½ times the applicable Nevada minimum wage and who worked over 8 hours in a workday and who were employed by Defendants in the state of Nevada at any time from 3-years from the filing of this complaint to the present.

D. **Continuation Wage Class:** All members of the Nevada Regular Rate, PTO, and/or Daily Overtime Classes who are former employees.

31. Class treatment is appropriate under Rule 23's class certification mechanism because:

A. <u>The Classes are Sufficiently Numerous</u>: Upon information and belief, Defendants employ and has employed, in excess 1,000 Class Members within the applicable time period. Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the members of these Classes as well as their numerosity.

B. <u>Plaintiff's Claims are Typical to Those of Fellow Class Members</u>: Each Class Member is and was subject to the same practices, plans, or policies as Plaintiff.

C. <u>Common Questions of Law and Fact Exist</u>: Common questions of and fact exist and predominate as to Plaintiff and the Class Members, including, without limitation: (1) Whether Defendants paid Overtime and PTO wages at the correct legal rate; (2) Whether Defendants paid daily overtime to employees when they worked over 8 hours in a workday; and (3) Whether Plaintiff and members of the Continuation Wage Class are entitled to continuation wages for the failure to pay them pursuant to Nevada law.

D. <u>Plaintiff is Adequate Representative of the Class</u>: Plaintiff will fairly and adequately represent the interests of the Class because Plaintiff is a member of all the Classes, she has issues of law and fact in common with all members of the Classes, and her interests are not antagonistic to Class members. Plaintiff and her counsel are aware of their fiduciary responsibilities to Class Members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Class Members.

E. <u>Predominance/Superior Mechanism</u>: Class claims predominate and a class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate its employees in accordance with Nevada wage and hour

law. The prosecution of individual remedies by each Class Member will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of Class Members' rights and the disposition of their interest through actions to which they were not parties.

## FIRST CAUSE OF ACTION

### Unlawful Tip Pooling in Violation of FLSA, 29 U.S.C. § 203(m)(2)(B)

### (On Behalf of Plaintiff and the FLSA Tip Pooling Class Against Defendants)

32. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

33. As of March 23, 2018, pursuant to 29 U.S.C. § 203(m)(2)(B) and § 216(b) Defendants were charged with an obligation to allow the Plaintiff and all members of the FLSA Tip Pooling Class to retain, for themselves, the tips bestowed upon them by customers and prohibits the Defendants from keeping those tips "...for any purposes, including allowing managers or supervisors to keep any portion of employees' tips regardless of whether or not the employer takes a tip credit." Any failure by the defendant to comply with the foregoing obligation renders the defendant liable, pursuant to 29 U.S.C. § 216(b) "...to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."

34. Defendants have failed and refused to abide by the legal obligations imposed upon them by 29 U.S.C. § 203(m)(2)(B) in that it has compelled Plaintiff and all others similarly situated to turn over to the Defendants a portion of their tips, the Defendants requiring the distribution of such monies to the supervisors or managers of the Plaintiff and the proposed members of the FLSA Tip Pooling Class.

35. Defendant has required the Plaintiff and all members of the FLSA Tip Pooling Class, as a condition of their employment, to pool and share their tips with supervisors, violating the legal obligations imposed upon defendant by 29 U.S.C. § 203(m)(2)(B).

36. Defendants' aforesaid violations of the FLSA were intentional, willful, and knowing. Such willful violations are established by, among other things, Defendants' counsel knowledge of the amendment made to the FLSA effective March 23, 2018, and that govern the claims made herein.

37. As a result, Plaintiff, on behalf of herself and all members of the FLSA Tip Pooling Class, seeks to collect their full damages for the defendants' aforesaid violations of the FLSA, to wit, the value of the tips taken from them by the Defendants along with an equal amount of liquidated damages as provided for under 29 U.S.C. § 216(b), together with attorneys' fees, costs, interest and such other relief as the Court may deem proper.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of FLSA, 29 U.S.C. § 207**

**(On Behalf of Plaintiff and the FLSA Regular Rate Class Against Defendants)**

38. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

39. 29 U.S.C. § 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times **the regular rate** at which he is employed." Emphasis added.

40. "Regular rate" is defined to include all remuneration for employment paid to, or on behalf of, the employee[.]" 29 U.S.C. § 207(e).

41. Commissions must be included in the regular rate. 29 C.F.R. § 778.117 states as follows:

> Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate. This is true regardless of whether the

commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission. It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular rate.

42. Based on the allegations set forth above, Defendants failed to include non-discretionary commission and service charge wages in the regular rate of pay for Plaintiff and all members of the FLSA Regular Rate Class.

43. Wherefore, Plaintiff demands for herself and all FLSA Regular Rate Class Members that Defendants pay Plaintiff and FLSA Regular Rate Class Members their full overtime wages at the applicable legal rate of pay during the relevant time period together with attorneys' fees, costs, interest, as provided by law.

## THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of NRS 608.018 and NRS 608.140**

**(On Behalf of Plaintiff and the Nevada Regular Rate Class Against Defendants)**

44. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

45. NRS 608.140 provides that an employee has a private right of action to sue for unpaid wages.

46. NRS 608.018(1) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

47. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

48. The "regular rate" under Nevada is the same as defined under federal law. See NAC 608.125(2) ("If an employee is paid by salary, piece rate or any other wage rate except for a wage rate based on an hour of time, the rate of compensation for the purposes of paragraph (b) of subsection 2 of NRS 608.018 is determined by dividing the amount paid to an employee in a week by the number of hours worked by the employee during the week.").

49. Based on the allegations set forth above, Defendants failed to include non-discretionary commission and service charge wages in the regular rate of pay for Plaintiff and all members of the Nevada Regular Rate Class.

50. Wherefore, Plaintiff demands for herself and all Nevada Regular Rate Class Members that Defendants pay Plaintiff and Nevada Regular Rate Class Members their full overtime wages at the applicable legal rate of pay during the relevant time period together with attorneys' fees, costs, interest, as provided by law.

## FOURTH CAUSE OF ACTION

**Failure to Pay PTO Wages in Violation of NRS 608.0197 and NRS 608.140**

**(On Behalf of Plaintiff and the PTO Class Against Defendants)**

51. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

52. NRS 608.140 provides that an employee has a private right of action to sue for unpaid wages.

53. NRS 608.0197 mandates that Nevada employers compensate their employees for paid time off at the applicable rate of pay, which must include all forms of non-discretionary compensation. Subsection (e) specifically states:

> For the purposes of determining the rate of pay at which an employee is compensated pursuant to paragraph (d), the compensation rate for an employee who is paid by:
>
>> (1) Salary, commission, piece rate or a method other than hourly wage must:
>>
>>> (I) Be calculated by dividing the total wages of the employee paid for the immediately preceding 90 days by the number of hours worked during that period;
>>>
>>> (II) Except as otherwise provided in sub-subparagraph (III), include any bonuses agreed upon and earned by the employee; and
>>>
>>> (III) Not include any bonuses awarded at the sole discretion of the employer, overtime pay, additional pay for performing hazardous duties, holiday pay or tips earned by the employee.

54. Based on the allegations set forth above, Defendants failed to pay Plaintiff and all members of the PTO Class their PTO wages at the applicable rate of pay (hourly pay plus non-discretionary compensation).

55. Wherefore, Plaintiff demands for herself and all PTO Class Members that Defendants pay Plaintiff and PTO Class Members their full PTO wages at the applicable legal rate of pay during the relevant time period together with attorneys' fees, costs, interest, as provided by law.

## FIFTH CAUSE OF ACTION

**Failure to Pay Daily Overtime Wages in Violation of NRS 608.018 and NRS 608.140**

**(On Behalf of Plaintiff and the Nevada Regular Rate Class Against Defendants)**

56. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

57. NRS 608.140 provides that an employee has a private right of action to sue for unpaid wages.

58. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works:

(a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

59. Based on the allegations set forth above, Defendants failed to pay Plaintiff and all members of the Daily Overtime Class any daily overtime wages when they worked over eight (8) hours in a workday.

60. Wherefore, Plaintiff demands for herself and all Daily Overtime Class Members that Defendants pay Plaintiff and Daily Overtime Class Members their full daily overtime wages at the applicable legal rate of pay during the relevant time period together with attorneys' fees, costs, interest, as provided by law.

## SIXTH CAUSE OF ACTION

**Failure to Pay Continuation Wages in Violation of NRS 608.018 and NRS 608.140**

**(On Behalf of Plaintiff and the Continuation Wage Class Against Defendants)**

61. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

62. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

63. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

64. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

65. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefore; but the employee shall cease to draw such wages or salary 30 days after such default."

66. By failing to pay Plaintiff and members of the FLSA Regular Rate Class, the Nevada Regular Rate Class, the PTO Class, and/or the Daily Overtime Class their full wages due and owing to them, Defendants have failed to timely remit all wages due and owing to Continuation Wage Class Members.

67. Despite demand, Defendants willfully refuse and continue to refuse to pay Continuation Wage Class Members all the wages that were due and owing upon the termination of their employment.

68. Wherefore, Plaintiff demands for all Continuation Wage Class Members that Defendants pay Continuation Wage Class Members thirty (30) days of pay as waiting penalties under NRS 608.040 and 608.140, and thirty (30) days of pay as waiting penalties under NRS 608.050 and 608.140, together with attorneys' fees, costs, and interest, as provided by law.

## PRAYER FOR RELIEF

Wherefore Plaintiff, by herself and on behalf of all members of all Classes, prays for relief as follows relating to her class action allegations:

1. For an order conditionally certifying the action under the FLSA and providing notice to all FLSA Regular Rate Class Members so they may participate in the lawsuit;

2. For an order certifying this action as a class action on behalf the proposed Nevada state law Classes and providing notice to all Class Members so they may participate in this lawsuit;

COLLECTIVE AND CLASS ACTION COMPLAINT

3. For an order appointing Plaintiff as the Representatives of the Classes and her counsel as Class Counsel;

4. For all unlawfully retained and distributed tips;

5. For liquidated damages resulting from the unlawfully retained and distributed tips;

6. For damages according to proof for overtime wages at the correct legal rate of pay under federal law;

7. For liquidated damages for the improper overtime payments;

8. For damages according to proof for overtime wages at the correct legal rate of pay under state law;

9. For damages according to proof for PTO wages;

10. For damages according to proof for daily overtime wages;

11. For continuation wages;

12. For a lien on the property where Plaintiff and all Nevada Class Members labored;

13. For interest as provided by law at the maximum legal rate;

14. For reasonable attorneys' fees authorized by statute;

15. For costs of suit incurred herein;

16. For pre-judgment and post-judgment interest, as provided by law; and

17. For such other and further relief as the Court may deem just and proper.

DATED: February 18, 2022    THIERMAN BUCK LLP

*/s/ Joshua D. Buck*
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendirckson, Nev. Bar No. 12225
joshh@thiermanbuck.com

**EXHBIITS**

Exhibit A:   Wage Statement

Exhibit B:   Itemized Pay Statement

Exhibit C:   M. Ondey Consent to Sue

- 1 -
COLLECTIVE AND CLASS ACTION COMPLAINT