MONTGOMERY Y. PAEK, ESQ., Bar No. 10176
AMY L. THOMPSON, ESQ. Bar No. 11907
EMIL S. KIM, ESQ., Bar No. 14894
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada  89169.5937
Telephone:	702.862.8800
Fax No.:	702.862.8811
Email: mpaek@littler.com
athompson@littler.com
ekim@littler.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELE ONDEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAESARS ENTERTAINMENT, INC. formerly known as ELDERADO RESORTS INC.; CIRCUS AND EL DORADO JOINT VENTURE, LLC d/b/a SILVER LEGACY RESORT CASINO; DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 3:22-cv-00096-RCJ-CLB<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY PENDING THE COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS (ECF NO. 4)** |

Plaintiff MICHELE ONDEY ("Plaintiff") and Defendants CAESARS ENTERTAINMENT, INC., formerly known as El Dorado Resorts Inc., and Circus and El Dorado Joint Venture, LLC d/b/a Silver Legacy Resort Casino ("Defendants"), by and through their counsel of record, stipulate to stay discovery pending the Court's ruling on Defendants' Motion to Dismiss (ECF No. 4), which seeks dismissal of all claims in Plaintiff's Complaint.

/ / /

/ / /

In assessing a request to stay discovery, the Court decides whether it is necessary to speed the parties along in discovery or whether it is appropriate to delay discovery and spare the parties the associated expense. *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). To make this assessment, the Court takes a "preliminary peek" at the merits of the purportedly dispositive motion, though, importantly, this "preliminary peek" does not prejudge the outcome of the motion, it merely evaluates whether an order staying discovery is warranted. *Id.* Defendants' Motion to Dismiss is the type warranting a stay of discovery as Defendants have sought to dismiss all of Plaintiff's claims. Moreover, no discovery is required to make a determination on the Motion to Dismiss and the Motion to Dismiss raises threshold legal issues (*e.g.*, plausibility of unlawful tip pooling and overtime claims, whether overtime claims are exempted by Section 207(i) of the FLSA, whether NRS 608.0197 confers a private right of action, and standing to assert waiting time penalty claim). Accordingly, requiring the parties to conduct discovery on claims that may be dismissed would cause an unnecessary expense on the parties and potentially log the Court's docket with unnecessary discovery disputes on these claims.

Furthermore, this Court has also found that "good cause . . . may also be established by other factors, not related to the merits of the dispositive motion" including when "the movant seeks a stay of discovery to prevent 'undue burden or expense'" *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-CV-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) (citing Fed. R. Civ. P. 26(c)(1)). Here, a stay is also warranted because the lawsuit is a putative collective and class action, Plaintiff's Complaint sets forth several subclasses, discovery will involve the exchange and review of several thousand pages of documents, and discovery will implicate several witnesses (including expert witnesses). *See id.* at *5.

/ / /

/ / /

/ / /

Additionally, because Defendants moved to fully dismiss the case, Plaintiff has not been apprised of which factual allegations Defendants intend to admit, and which Defendants intend to deny. Nor has Plaintiff been apprised of the defenses Defendants intend to assert. Plaintiff believes this would limit her ability to conduct full discovery while the Motion to Dismiss is pending. Plaintiff disputes the arguments made in Defendants' Motion to Dismiss but agrees that the motion is of the type warranting a stay of discovery.

Dated: July 18, 2022

| LITTLER MENDELSON, P.C. | THIERMAN BUCK, LLP |
|---|---|
| */s/ Emil S. Kim* <br> MONTGOMERY Y. PAEK, ESQ. <br> AMY L. THOMPSON, ESQ. <br> EMIL S. KIM, ESQ. <br><br> Attorneys for Defendants | */s/ Joshua R. Hendrickson* <br> MARK R. THIERMAN, ESQ. <br> JOSHUA D. BUCK, ESQ. <br> LEAH L. JONES, ESQ. <br> JOSHUA R. HENDRICKSON, ESQ. <br><br> Attorneys for Plaintiff |

**IT IS SO ORDERED.**

Dated: July 19, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

4874-9651-4601.4 / 083558-1255