MONTGOMERY PAEK, ESQ., Bar No. 10176
AMY L. THOMPSON, ESQ. Bar No. 11907
EMIL S. KIM, ESQ., Bar No. 14894
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada  89169.5937
Telephone:   702.862.8800
Fax No.:       702.862.8811
Email: mpaek@littler.com
          athompson@littler.com
          ekim@littler.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELE ONDEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAESARS ENTERTAINMENT, INC. formerly known as ELDERADO RESORTS INC.; CIRCUS AND EL DORADO JOINT VENTURE, LLC d/b/a SILVER LEGACY RESORT CASINO; DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 3:22-cv-00096-RCJ-CLB<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>**(Special Scheduling Review Requested)** |

Pursuant to this Court's Order to File Case Management Report (ECF No 27), Plaintiff Michelle Ondey ("Plaintiff") and Defendants Caesars Entertainment, Inc., formerly known known as El Dorado Resorts Inc. ("Caesars") and Circus and El Dorado Joint Venture, LLC d/b/a Silver Legacy Casino ("Silver Legacy," together with Caesars, the "Defendants"), jointly submit this Joint Case Management Report.

/ / /

/ / /

4871-8187-8332.1 / 083558-1255

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169.5937
702.862.8800

3:22-CV-00096-RCJ-CLB

**I.     A short statement of the nature of the case, including a description of each claim and defense.**

Plaintiff filed her class and collective action Complaint against Defendants on February 18, 2022 alleging the following six causes of action: (1) Unlawful Tip Pooling in Violation of FLSA, 29 U.S.C. § 203(m)(2)(B); (2) Failure to Pay Overtime at the Correct Legal Rate in Violation of 29 U.S.C. § 207, et al.; (3) Failure to Pay Overtime at the Correct Legal Rate in Violation of NRS 608.018 and NRS 608.140; (4) Failure to Pay PTO Wages in Violation of NRS 608.0197 and NRS 608.140; (5) Failure to Pay Daily Overtime in Violation of NRS 608.018 and NRS 608.140; and (6) Failure to Pay Continuation Wages in Violation of NRS 608.020-.050 and NRS 608.140. (ECF No. 1.)

Plaintiff alleges that she "has been employed by Defendants as a non-exempt Massage Therapist at the Silver Legacy property from on or about July 2019 to the present date." (ECF No. 1 at ¶ 12.) Plaintiff alleges that "[d]uring the relevant time period alleged herein, Defendants paid Plaintiff on an hourly basis at the lower-tier Nevada minimum wage rate plus commissions, wherein Plaintiff would receive a 20% commission for the total cost of the service that she provided." *Id.* at ¶ 13. Plaintiff alleges that "Plaintiff also received 80% of an optional and discretionary service charge as tip income." *Id.* at ¶ 14. Plaintiff alleges that "[t]he remaining 20% of the optional service charge was distributed to other co-workers and supervisory personnel." *Id.* Plaintiff alleges that she worked in excess of eight hours in a workday and 40 hours in a workweek during the relevant period. *Id.* at ¶ 15.

Plaintiff's First Cause of Action for Unlawful Tip Pooling was based on Defendants' alleged mandatory pooling and sharing of optional and discretionary tips (the Service Charge) with supervisors. Plaintiff's Second and Third Causes of Action for Failure to Pay Overtime at the correct legal rate and Fourth Cause of Action for Failure to Pay PTO Wages at the correct legal rate are based on Defendants' alleged failure to include non-discretionary payments in their calculation of overtime and paid leave wages. Plaintiff's Fifth Cause of Action for Failure to Pay Daily Overtime is based on Defendant's alleged failure to pay daily overtime in compliance with Nevada law.

4871-8187-8332.1 / 083558-1255

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

2

3:22-CV-00096-RCJ-CLB

Plaintiff's Sixth Cause of Action for Continuation Wages was derivative of her wage claims and sought statutory damages owed under NRS 608.020-.050.

On May 24, 2022, Defendants moved to dismiss Plaintiff's complaint in its entirety. (ECF No. 4.) Pending a ruling on the motion to dismiss, the Parties requested and this Court granted a stay of discovery. (ECF. Nos. 15, 16.) The Court granted in part and denied in part Defendant's Motion to Dismiss on July 26, 2022, dismissing without prejudice Plaintiff's First and Sixth Causes of Action for Unlawful Tip Pooling and Continuation Wages, respectively, and allowing Plaintiff to proceed on all other claims. (ECF No. 18.)

Defendants have asserted the following affirmative defenses in their Answer:

1. For and as a first, separate defense to the Complaint, Defendants allege that the Complaint fails to state a claim upon which relief may be granted.

2. For and as a second, separate defense to the Complaint, Defendants allege that some or all of the claims asserted in the Complaint are barred by the equitable doctrines of laches, waiver, estoppel, release and/or unclean hands.

3. For and as a third, separate defense to the Complaint, Defendants allege that some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

4. For and as a fourth, separate defense to the Complaint, Defendants allege that the Complaint is barred to the extent Plaintiff or any member of the alleged class which Plaintiff purports to represent, the existence of which is expressly denied, have executed a compromise and release of any claims asserted in this lawsuit.

5. For and as a fifth, separate defense to the Complaint, Defendants allege that the Complaint and each cause of action asserted therein, are subject to the doctrine of accord and satisfaction and therefore, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

6. For and as a sixth, separate defense to the Complaint, Defendants allege that Plaintiff or any member of the alleged class which Plaintiff purports to represent have already been fully compensated for all hours worked.

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

7. For and as a seventh, separate defense to the Complaint, Defendants allege that the Complaint is barred to the extent that Plaintiff lacks standing to raise some or all of the claims of the alleged class of persons whom Plaintiff purport to represent, the existence of which is expressly denied.

8. For and as an eighth, separate defense to the Complaint, Defendants allege that the class of persons that Plaintiff purports to represent, the existence of which is expressly denied, are not similarly situated and is not so numerous that joinder is impracticable.

9. For and as a ninth, separate defense to the Complaint, Defendants allege that the Complaint is barred to the extent that the claims alleged by Plaintiff are neither common to, similar to, nor typical of those, if any, of the alleged class of persons whom Plaintiff purports to represent, the existence of which is expressly denied.

10. For and as a tenth, separate defense to the Complaint, Defendants allege that the Complaint is barred to the extent that Plaintiff is an inadequate representative of the alleged class of persons whom she purports to represent, the existence of which is expressly denied.

11. For and as an eleventh, separate defense to the Complaint, Defendants allege that the types of claims alleged by Plaintiff on behalf of Plaintiff and the class of persons whom Plaintiff purports to represent, the existence of which is expressly denied, are matters in which individual questions predominate, individual determinations would be necessary, and not appropriate for class treatment.

12. For and as a twelfth, separate defense to the Complaint, Defendants allege that because liability may not be determined by a single jury on a class wide basis, allowing this action to proceed as a class action would violate Defendant's rights under the Seventh Amendment.

13. For and as a thirteenth, separate defense to the Complaint, Defendants allege that Plaintiff and the class of persons she purports to represent, the existence of which is expressly denied, have failed to exhaust administrative, statutory, and/or contractual remedies.

14. For and as a fourteenth, separate defense to the Complaint, Defendants allege that it acted in a good faith belief that it was in compliance with all applicable statutes, law, and regulations concerning payment of wages and any other compensation owed to Plaintiff.

4871-8187-8332.1 / 083558-1255

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

4

3:22-CV-00096-RCJ-CLB

15. For and as a fifteenth, separate defense to the Complaint, Defendants allege any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by Defendant has been fully performed, satisfied and/or discharged.

16. For and as a sixteenth, separate defense to the Complaint, Defendants allege Plaintiff and putative class members are not entitled to prejudgment interest, even if they prevail.

17. For and as a seventeenth, separate defense to the Complaint, Defendants allege Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, cannot and should not be maintained on a class-action, collective action, or representative action because: those claims, and each of them, fail to meet the necessary requirements for class certification, including but not limited to, class similarity, ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of a community of interest among the putative class; and because class certification is inappropriate due to Defendant's lawful policies, failure to identify unlawful decisions, policies, or plans the purported class was subjected to, and because individual determinations would be necessary to demonstrate FLSA and Nevada statutory violations.

18. For and as an eighteenth, separate defense to the Complaint, Defendants allege that the Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a claim for which attorneys' fees, costs and interest may be awarded.

19. For and as a nineteenth, separate defense to the Complaint, Defendants allege that Plaintiff failed to mitigate alleged damages.

20. For and as a twentieth separate and affirmative defense to the Complaint, Defendants allege that it acted with justification and without malice in all its dealings with Plaintiff.

21. For and as a twenty-first separate and affirmative defense to the Complaint, Plaintiff was properly paid for all hours worked in accordance with all federal and state laws.

22. For and as a twenty-second separate and affirmative defense to the Complaint, Defendants allege that punitive damages constitute excessive fines prohibited by the United States and the Nevada Constitutions. The relevant statutes do not provide adequate standards or safeguards for their application and they are void for vagueness under the due process clause of the Fourteenth

4871-8187-8332.1 / 083558-1255

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

5

3:22-CV-00096-RCJ-CLB

1    Amendment of the United States Constitution and in accordance with Article I, Section 8 of the
2    Nevada Constitution.

3        23.    For and as a twenty-third separate and affirmative defense to the Complaint, Plaintiff's
4    claims are barred, in whole or in part, to the extent that the work performed falls within the exemptions,
5    exclusions, exceptions, or credits arising under federal or Nevada law.

6        24.    For and as a twenty-fourth separate and affirmative defense to the Complaint,
7    Plaintiff's claims are barred, in whole or in part, to the extent that the work performed falls within the
8    exemptions of 29 U.S.C. § 207(i), and the Nevada parallel – NRS 608.018.

9        25.    For and as a twenty-fifth separate and affirmative defense to the Complaint, Plaintiff's
10   claims are barred, in whole or in part, to the extent that the Paid Time Off sought falls within the
11   exemptions, exclusions, exceptions, or credits arising under the terms of Nevada law.

12       26.    For and as a twenty-sixth separate and affirmative defense to the Complaint, Plaintiff's
13   claims are barred, in whole or in part, to the extent that the Paid Time Off sought falls within the
14   exemption under the terms of NRS 608.0197(8).

15       27.    For and as a twenty-seventh separate and affirmative defense to the Complaint,
16   Defendants at all times acted in good faith to comply with the FLSA and Nevada law and with
17   reasonable grounds to believe that Defendants' actions did not violate the statutes cited in the
18   Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA or Nevada law as
19   a defense to any claim by Plaintiff for liquidated damages.

**II.   The Jurisdictional bases for the case, citing specific jurisdictional statutes. If jurisdiction is based on diversity, the citizenship of each party shall be identified and the amount in controversy must be stated.**

Plaintiff asserted in her Complaint that this Court has original jurisdiction over the federal claim alleged pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff has also asserted that this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

/ / /

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

4871-8187-8332.1 / 083558-1255

**III.    Whether any party expects to add additional parties to the case or otherwise amend the pleadings.**

Plaintiff expects that amendment will likely prove necessary as this case progresses through discovery.

**IV.    Whether there are any pending motions, including a brief description of those motions.**

There are no currently pending motions.

**V.    Whether this case is related to any other case pending before this Court or any other court, including a bankruptcy court, and if so, provide a brief description of the status of those case(s).**

There are no related cases before this Court or any other court.

**VI.    A complete and detailed statement related to discovery.**

The parties are currently engaged in discussions to potentially resolve this case. Because of that, the parties have not commenced discovery.

    a) The Parties agree that initial disclosures pursuant to Rule 26(a)(1)(A) will be exchanged on or before 14 days from the date on which this discovery plan and proposed scheduling order is approved by the Court.

    b) The Parties have not yet served written discovery.

    c) The Parties agree that a confidentiality order may be appropriate, and that the parties are amenable to stipulating to such an order.

    d) The Parties agree that discovery should be phased as set forth in Paragraph VII below.

    e) Plaintiff's putative FLSA classes include individuals who were employed by Defendant in the United States both within and outside the State of Nevada. Accordingly, Plaintiff anticipates discovery outside the state of Nevada but not outside the United States. Plaintiff anticipates that this discovery will involve both written discovery and depositions.

    f) The Parties agree that they cannot, at this time, determine the amount of depositions they intend to take, which is largely dependent on factors such as whether conditional certification is granted, the size of the opt-in class, etc.

4871-8187-8332.1 / 083558-1255

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

7

3:22-CV-00096-RCJ-CLB

**VII.  A brief statement regarding the types of ESI expected in the case, where the ESI is located, a statement of any agreements reached by the parties related to ESI on the issues listed above, and any outstanding disagreements between the parties related to ESI.**

The Parties recognize their mutual obligation to preserve information that is potentially relevant to the claims and defenses alleged in this action. All Parties will preserve ESI in their possession, custody or control where the ESI may include information relevant to the litigation. The Parties' preservation of ESI will also be consistent with their obligations under the FRCP. The Parties anticipate that ESI in this case will include, but is not limited to, pay data and time data. The Parties agree that a stipulation concerning the production of ESI may be appropriate and the parties are amenable to stipulating to such an order.

**VIII.  In the event the Court has not already approved a discovery plan and scheduling order, the parties shall include proposed firm dates for each of the following pursuant to Local Rule 26-1.**

The Parties have agreed to conduct discovery in two phases, but the Parties are not in agreement as to the scope and several of the deadlines within each phase. Therefore, pursuant to Section (C)(8) of this Court's Order to File Case Management Report (ECF No. 27), the Parties' individual positions are set forth below. The Parties, however, do request special scheduling review:

**Defendants' Position**

    **a.  Discovery Cut-Off Dates:**

        i.    <u>Phase I of Discovery (Named Plaintiff's Claims and Class Certification)</u>:

Defendants propose an Individual Claims and Pre-Certification Phase I Discovery Cut-Off date three hundred sixty-five (365) days from the date of submission of this Joint Case Management Report: **October 30, 2023** (365 days from the submission of this Joint Case Management Report is Saturday, October 28, 2023).

        ii.    <u>Phase II of Discovery (Damages and Liability)</u>:

Defendants propose that the Parties submit a Proposed Stipulated Discovery Plan for Classwide Phase II discovery twenty-one (21) days following the Court's ruling on any

4871-8187-8332.1 / 083558-1255

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

8

3:22-CV-00096-RCJ-CLB

1  class certification/decertification or summary judgment motions after Phase I of
2  Discovery is completed in order to set deadlines and dates for Phase II.

   **b. Amending the Pleadings and Adding Parties:**

   Defendants propose a deadline to amend the pleadings or to add Parties ninety (90) days prior to the close of Phase I Discovery: **August 1, 2023.**

   **c. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**

   Both Parties propose a deadline to disclose experts necessary for Phase I at sixty (60) days prior to the close of Phase I discovery: **August 31, 2023**. The Parties further propose a deadline to disclose any rebuttal experts thirty (30) days after the initial disclosure of experts: **October 2, 2023 (30 days after August 31, 2023, is Saturday, September 30, 2023)**.

   The Parties will include proposed dates for Phase II Experts, in their Proposed Stipulated Discovery Plan for Phase II.

   **d. Class Certification and Dispositive Motions:**

   Defendants propose a deadline to file class certification and dispositive motions thirty (30) days after the close of Phase I Discovery, currently: **November 29, 2023**.

   The Parties will include a proposed date for Phase II Dispositive Motions in their Proposed Stipulated Discovery Plan for Phase II.

   **e. Pretrial Order:**

   Both Parties propose that the date for filing a Joint Pretrial Order shall be no later than thirty (30) days after the date set for filing any dispositive motions after Phase II of Discovery. The Parties will include this proposed date in their Proposed Stipulated Discovery Plan for Phase II.

   In the event dispositive motions are filed after Phase II, the Parties propose that the date for filing a Joint Pretrial Order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court.

   **Plaintiff's Position**

   **f. Discovery Cut-Off Dates:**

   i.  Phase I of Discovery (Named Plaintiff's Claims and Class Certification):

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

4871-8187-8332.1 / 083558-1255

9

3:22-CV-00096-RCJ-CLB

The first phase will focus on the appropriate scope of any motion for conditional and/or class certification and Plaintiff's individual claims. However, the Parties do not intend to place specific pre-determined limits on this phase of discovery at the outset as it may lead to inefficiencies, *e.g.,* taking Plaintiff's deposition twice, discovery disputes regarding the appropriate scope of discovery, etc. This phase would likely include written discovery and depositions of Plaintiff and Defendant's representatives. The deadline to complete such pre-certification discovery will be three hundred sixty-five (365) days from the date of submission of this Joint Case Management Report: **October 30, 2023** (365 days from the submission of this Joint Case Management Report is Saturday, October 28, 2023).

ii. <u>Phase II of Discovery (Damages and Liability)</u>:

The second phase of discovery would occur after the Court rules on conditional and/or class action certification and any notice period closes (if certification is granted.) Phase II discovery would likely entail further written discovery and depositions of putative Plaintiffs/class members, party witnesses, and Defendant's representatives. Because the scope of any collective or class action is currently unknown, Plaintiff proposes that the parties jointly submit an additional proposed scheduling order/case management report that includes deadlines regarding the deadline to amend pleadings and add parties expert witness disclosures, the completion of discovery, any motion for decertification, dispositive motions, and trial twenty-one (21) days after either (1) any notice period closes, should the Court grant the motion(s) for certification; or (2) the Court denies the motion(s) for certification.

**g. Amending the Pleadings and Adding Parties:**

Plaintiff proposes that the Court set an initial deadline to amend the pleadings or to add Parties ninety (90) days prior to the close of Phase I Discovery: **August 1, 2023.** If a Second Phase of Discovery is allowed, Plaintiff proposes that the parties jointly submit an additional proposed scheduling order/case management report that includes, among other items, a new deadline to amend

4871-8187-8332.1 / 083558-1255

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

10

3:22-CV-00096-RCJ-CLB

1  the pleadings or to add Parties ninety (90) days prior to the close of Phase II Discovery, unless
2  otherwise permitted by the Court pursuant to the FRCP.

3     **h. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**

4  Both Parties propose a deadline to disclose experts necessary for Phase I at sixty (60) days
5  prior to the close of Phase I discovery: **August 31, 2023**. The Parties further propose a deadline to
6  disclose any rebuttal experts thirty (30) days after the initial disclosure of experts: **October 2, 2023**
7  **(30 days after August 31, 2023, is Saturday, September 30, 2023)**.

8  The Parties will include proposed dates for Phase II Experts, in their Proposed Stipulated
9  Discovery Plan for Phase II.

10     **i. Class Certification and Dispositive Motions:**

11  Plaintiff proposes a deadline to file a motion for class certification for thirty (30) days after the
12  close of Phase I Discovery, currently: **November 29, 2023.** If a Second Phase of Discovery is allowed,
13  Plaintiff proposes that the parties jointly submit an additional proposed scheduling order/case
14  management report that includes, among other items, deadlines for a decertification motion and
15  deadlines for dispositive motions. If a Second Phase of Discovery is not allowed, Plaintiff proposes a
16  deadline to file dispositive motions for the later of ninety (90) days after the close of Phase I Discovery,
17  currently: **January 28, 2024** or thirty (30) days after a ruling on class certification.

18     **j. Pretrial Order:**

19  Both Parties propose that the date for filing a Joint Pretrial Order shall be no later than thirty
20  (30) days after the date set for filing any dispositive motions after Phase II of Discovery. The Parties
21  will include this proposed date in their Proposed Stipulated Discovery Plan for Phase II.

22  In the event dispositive motions are filed after Phase II, the Parties propose that the date for
23  filing a Joint Pretrial Order shall be suspended until thirty (30) days after decision of the dispositive
24  motions or further order of the Court.

25  / / /

26

27  / / /

28

4871-8187-8332.1 / 083558-1255

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

11    3:22-CV-00096-RCJ-CLB

**IX.    Whether a jury trial has been requested, whether the request for a jury trial is contested (if the request is contested, set forth reasons), and an estimated length for trial.**

Plaintiff made a demand for jury trial in her Complaint. [ECF No. 1]. Because the scope of any class or collective action is currently unknown, the Parties are unable to estimate a length for trial at this time.

**X.    A statement as to the possibility of settlement and when the parties desire a court sponsored settlement conference.**

The Parties agree that there is possibility of settlement, as the Parties are currently in discussions regarding possible resolution. The Parties, however, do not desire a court sponsored settlement conference at this time.

**XI.    Whether the parties intend to proceed before the magistrate judge.**

The Parties decline to proceed before the Magistrate Judge.

**XII.    Whether either party requests bifurcation or phasing of trial or has any other suggestions for shortening or expediting discovery, pre-trial motions or trial.**

The Parties do not have any requests regarding bifurcation or phasing of trial or have any other suggestions for shortening or expediting discovery, pre-trial motions or trial at this time but reserve all rights provided under Fed. R. Civ. P. 42(b) or other applicable law.

/ / /

/ / /

/ / /

/ / /

/ / /

4871-8187-8332.1 / 083558-1255

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

12

3:22-CV-00096-RCJ-CLB

**XIII.     Whether either party requests that a case management conference be set in the case.**

The Parties do not request that a case management conference be set at this time.

| Dated:  October 28, 2022 | Dated:  October 28, 2022 |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| */s/ Joshua R. Hendrickson* | */s/ Emil S. Kim* |
| MARK R. THIERMAN, ESQ.<br>JOSHUA D. BUCK, ESQ.<br>LEAH L. JONES, ESQ.<br>JOSHUA R. HENDRICKSON, ESQ.<br>THIERMAN BUCK LLP | MONTGOMERY Y. PAEK, ESQ.<br>AMY L. THOMPSON, ESQ.<br>EMIL S. KIM, ESQ.<br>LITTLER MENDELSON, P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

4871-8187-8332.1 / 083558-1255